UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 1:13-CV-10469

MICHAEL WESSON, et al.,

      Plaintiffs

v.

TOWN OF SALISBURY, a municipal
corporation, et al.,

      Defendants

ANSWER OF DEFENDANTS TOWN
OF SALISBURY AND THOMAS
FOWLER, CHIEF OF POLICE OF
THE TOWN OF SALISBURY

Now come the defendants, Town of Salisbury and Thomas Fowler, Chief of Police of the

Town of Salisbury (collectively "the Defendants"), and answer the Plaintiffs' Complaint as

follows:

## COMPLAINT

This is an introductory statement not requiring a response by the Defendants.

## INTRODUCTION

1.      Paragraph 1 is an introductory statement not requiring a response by the

Defendants.  To the extent that a response is required, the allegations in paragraph 1 of the

Complaint are denied.

## PARTIES

2.      The Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.      The Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      The Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.     The Defendants admit that the Town of Salisbury is a municipal corporation of the Commonwealth of Massachusetts.  Further answering, the Town admits that Thomas Fowler is the current Chief of Police for the Town of Salisbury who serves under state law as the local firearms licensing official who executes and enforces Massachusetts firearms laws in accordance with the mandates of G.L. c. 140, §§131 and 131A.

6.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

JURISDICTION AND VENUE

7.     The Defendants state that paragraph 7 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that the statutory and constitutional references contained in paragraph 7 of the Complaint speak for themselves.

8.     The Defendants state that paragraph 8 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that the statutory reference contained in paragraph 8 of the Complaint speaks for itself.

BACKGROUND

9.     The Defendants restate and reincorporate by reference their responses to paragraphs 1-8 of the Complaint.

10.     The Defendants state that paragraph 10 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that the decision of District of Columbia v. Heller, 128 S.Ct. 2783 (2008) referenced in paragraph 10 of the Complaint speaks for itself.

11.     The Defendants state that paragraph 11 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that the decision of <u>McDonald</u> v. <u>City of Chicago</u>, 130 S.Ct. 3020 (2010) referenced in paragraph 11 of the Complaint speaks for itself.

12.     The Defendants state that paragraph 12 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that the references to Massachusetts statutory firearms licensing law contained in paragraph 12 of the Complaint speak for themselves.

13     The Defendants state that paragraph 13 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that the references to Massachusetts General Laws contained in paragraph 13 of the Complaint speak for themselves.

14.     The allegations in the first sentence of paragraph 14 are denied.  The Defendants state that the remaining allegations in paragraph 14 of the Complaint contain conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that the references to Massachusetts General Laws contained in paragraph 14 of the Complaint speak for themselves.

15.     The Defendants state that paragraph 15 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that the references to Massachusetts General Laws contained in paragraph 15 of the Complaint speak for themselves.

16.     The Defendants state that paragraph 14 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Town denies

plaintiffs' characterization of the definition of "non-large capacity weapons" contained in paragraph 16 of the Complaint and states that G.L. c. 140, §121 speaks for itself.

17.     The Defendants state that paragraph 17 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that G.L. c. 140, §131(a) as referenced in paragraph 17 of the Complaint speaks for itself.

18.     The Defendants state that paragraph 18 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that G.L. c. 140, §131(b) as referenced in paragraph 18 of the Complaint speaks for itself.

19.     The Defendants state that paragraph 19 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that G.L. c. 140, §129B(6) as referenced in paragraph 16 of the Complaint speaks for itself.

20.     The Defendants state that paragraph 20 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Town denies plaintiffs' characterization that G.L. c. 140, §131A is a "vestige of the early 20th century Massachusetts gun licensing scheme."  Further answering, the Defendants state that G.L. c. 140, §131 speaks for itself.

21.     The Defendants state that paragraph 21 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that G.L. c. 140, §131(d)(i)(e) as referenced in paragraph 21 of the Complaint speaks for itself but admit that an applicant for a license to carry a firearm must be denied under Massachusetts law if an applicant has a statutory disqualifier.

22.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     The Defendants admit that plaintiff Wesson has been issued a Firearms Identification Card issued by the Town of Salisbury Police Department.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining plaintiffs.

24.     Admitted.

25.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     The Defendants admit that plaintiff Wesson has been convicted of possession of marijuana in the state of Maine.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 26 of the Complaint.  The allegations set forth in the third sentence of paragraph 26 of the Complaint are denied.

27.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     The allegations in the first sentence of paragraph 28 are denied as to plaintiff Wesson.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint.

29.     The allegations in the first sentence of paragraph 29 of the Complaint are admitted.  The allegations set forth in the second sentence of paragraph 29 of the Complaint are denied.

30.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     Admitted only that on or about January 26, 2013 plaintiff Wesson applied to the Town of Salisbury Police Department for a Permit to Purchase license, which was denied due to a statutory disqualification pursuant to G.L. c. 140, §131.

34.     The Defendants state that paragraph 34 of the Complaint contains conclusions of law for which no answer is required.  To the extent a response is required, the Defendants state that G.L. c. 94C, §32L as referenced in paragraph 34 of the Complaint speaks for itself.

35.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 35 of the Complaint. The allegations contained in the second sentence of paragraph 35 of the Complaint are denied.

36.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 36 of the Complaint. The allegations contained in the second sentence of paragraph 36 of the Complaint are denied.

37.     Denied.

38.     Denied.

39.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     The Defendants are without knowledge or information sufficient to form a belief whether plaintiffs Woods and Wesson are "supporters of Comm2A."  The remaining allegations contained in paragraph 41 of the Complaint are denied.

42.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

<u>COUNT I</u>
Declaratory Judgment and Injunctive Relief
(U.S. Constitution, Amendments II and XIV, 42 USC §1983)

44.     The Defendants restate and incorporate by reference their responses to paragraphs 1-43 of the Complaint.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

The Prayers for Relief following paragraph 48 of the Complaint comprise statements of relief sought by the plaintiffs not requiring a response by the Defendants.  The Defendants, however, deny that the plaintiffs are entitled to the relief, damages, costs or attorney's fees sought.

<u>DEFENSES</u>

<u>FIRST DEFENSE</u>

The Complaint fails to state a cause of action upon which relief may be granted.

<u>SECOND DEFENSE</u>

At all relevant times, the Defendants acted in compliance with their statutory obligations, including, but not limited to, G.L. c. 140.

<u>THIRD DEFENSE</u>

The Complaint must be dismissed for plaintiffs' failure to exhaust their administrative remedies.

<u>FOURTH DEFENSE</u>

The Complaint must be dismissed because the plaintiffs have failed to name a necessary party.

<u>FIFTH DEFENSE</u>

The Complaint must be dismissed because the plaintiffs lack standing against the Defendants.

<u>SIXTH DEFENSE</u>

Defendant Fowler denies any and all of plaintiffs allegations of wrongful conduct and state that he was at all relevant times a public employee acting within the scope of his employment with good faith and in the reasonable belief that their actions were lawful.

<u>SEVENTH DEFENSE</u>

The plaintiffs' claims are barred against the Defendants pursuant to G.L. c. 231A, §8 and 28 U.S.C. §2403 and on grounds that there is no cognizable case or controversy.

## EIGHTH DEFENSE

The alleged acts or omissions of the Defendants were not the cause, proximate or otherwise, of the plaintiffs' alleged injury.

## NINTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the Defendants were carrying out law enforcement functions in good faith.

## TENTH DEFENSE

The Complaint fails to state a claim for a constitutional violation under either the United States.

## ELEVENTH DEFENSE

The Defendant Town of Salisbury did not engage in any actionable municipal custom or policy comprising the motivating force behind the alleged violations of plaintiffs' rights.

## TWELFTH DEFENSE

The Defendants state that all or substantially all of the claims made by the plaintiffs against the them are wholly insubstantial, frivolous and not advanced in good faith and, as a result, the defendants are entitled to reasonable counsel fees as well as other costs and expenses incurred in defending against such claims pursuant to G.L. c.231, §6F.

WHEREFORE, the Defendants demand that the Complaint be dismissed, that judgment be entered in their favor, and that said Defendants be awarded their costs and reasonable attorneys' fees.

<u>JURY CLAIM</u>

The Defendants respectfully demand a trial by jury on all claims so triable.

DEFENDANTS,

TOWN OF SALISBURY, a municipal corporation, and THOMAS FOWLER, Chief of the Town of Salisbury Department of Police

By their attorneys,

<u>/s/ Gregg J. Corbo</u>
Gregg J. Corbo (BBO# 641459)
Janelle M. Austin (BBO# 666835)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
gcorbo@k-plaw.com
jaustin@k-plaw.com

<u>CERTIFICATE OF SERVICE</u>

I, Gregg J. Corbo, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.  /s/ Gregg J. Corbo

472537/SALI/0205