UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Michael Wesson, Thomas Woods and Commonwealth Second Amendment, Inc. <br> Plaintiffs <br> v. <br><br> Town of Salisbury, a municipal corporation; Thomas Fowler, Chief of the Town of Salisbury Department of Police; Town of Natick, a municipal corporation; and James G. Hicks, Chief of the Town of Natick Police Department, <br> Defendants | Case No. 13-CV-10469-RGS |

### Answer Of Natick Defendants To Plaintiffs' Amended Complaint

1. This is a statement of the nature of the action to which no response is required.

2. Not applicable to the Natick Defendants.

3. On information and belief, admit.

4. On information and belief, admit.

5. Not applicable to the Natick Defendants.

6. Admit.

### Jurisdiction And Venue

7. Paragraph 7 states a legal conclusion to which no response is required.

8. Paragraph 8 states a legal conclusion to which no response is required.

### Background

9. The Natick Defendants hereby restate and re-allege their responses to Paragraphs 1-8.

10. The Natick Defendants state that the *Heller* case speaks for itself.

11. The Natick Defendants state that the *McDonald* case speaks for itself.

12. The Natick Defendants state that the statute speaks for itself.

13. The Natick Defendants state that the statute speaks for itself.

14. Deny the first sentence. Otherwise the Natick Defendants state that the statute speaks for itself.

15. The Natick Defendants state that the statute speaks for itself.

16. The Natick Defendants state that the statute speaks for itself.

17. The Natick Defendants state that the statute speaks for itself.

18. The Natick Defendants state that the statute speaks for itself.

19. The Natick Defendants state that the statute speaks for itself.

20. The Natick Defendants state that the statute speaks for itself. Further responding, the Natick Defendants lack sufficient information to either admit or deny that this statue "is a vestige of [an] early 20th century Massachusetts gun licensing scheme . . . ."

21. The Natick Defendants state that the statute speaks for itself.

22. With respect to the first sentence, the Natick Defendants state that the statute and attached Memorandum speak for themselves. The Natick Defendants have insufficient information to either admit or deny the second sentence.

23. Denied as to Plaintiff Woods. Plaintiff Wesson is not applicable to the Natick Defendants.

24. Not applicable to the Natick Defendants.

25. Admit.

26. Not applicable to the Natick Defendants.

27. With respect to the first sentence, the Natick Defendants admit that Plaintiff Woods has such a conviction; however, the Natick Defendants have insufficient information to

either admit or deny the amount of marijuana. The Natick Defendants have insufficient information to either admit or deny the second sentence. The Natick Defendants deny the third sentence.

28. The Natick Defendants have insufficient information to either admit or deny Paragraph 28.

29. The Natick Defendants admit the first sentence. The second sentence states a legal conclusion to which no response is required.

30. Not applicable to the Natick Defendants.

31. Admit that Plaintiff Woods was disqualified under the statute because of a prior conviction for marijuana possession and thus the Natick Defendants did not process his application further. The Natick Defendants have insufficient information to either admit or deny that said conviction was for possession of "a small amount of marijuana, much less than one ounce."

32. Admit.

33. Not applicable to the Natick Defendants.

34. The Natick Defendants state that the statute speaks for itself.

35. The Natick Defendants have insufficient information to either admit or deny the first sentence. The Natick Defendants deny the second sentence.

36. The Natick Defendants have insufficient information to either admit or deny the first sentence. The Natick Defendants deny the second sentence.

37. Denied.

38. Denied.

39. The Natick Defendants have insufficient information to either admit or deny Paragraph 39.

40. The Natick Defendants have insufficient information to either admit or deny Paragraph 40.

41. Denied.

42. The Natick Defendants have insufficient information to either admit or deny Paragraph 42.

43. The Natick Defendants have insufficient information to either admit or deny Paragraph 43.

## COUNT I

### Declaratory Judgment and Injunctive Relief

44. The Natick Defendants hereby restate and re-allege their responses to Paragraphs 1-43.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

Plaintiffs' Prayer for Relief does not require a response.  The Natick Defendants deny that Plaintiffs are entitled to any relief, monetary or otherwise.

### Affirmative Defenses

a. The Complaint fails to state a claim upon which relief can be granted.

b. At all relevant times the Natick Defendants have acted in compliance with all statutory and regulatory requirements including, but not limited to, G.L. c. 140.

c. The Plaintiffs have failed to exhaust their administrative remedies.

d. The Plaintiffs have failed to name a necessary party.

e. The Plaintiffs lack standing.

f. The Plaintiffs have failed to state a cognizable case or controversy under either or both G.L. c. 231A or 28 U.S.C. §2403.

g. The Defendant Town of Natick did not engage in any actionable municipal custom, policy or practice.

h. The relief sought by Plaintiffs is barred, in whole or in part, by the Anti-Injunction Act.

i. The actions of the Natick Defendants were at all times justified and made in good faith reliance on the statutes of the Commonwealth.

|  |  |
|---|---|
|  | Defendants Town of Natick and James G. Hicks, By their attorney |
|  | /s/ Geoffrey P. Wermuth |
|  | _____ |
|  | Geoffrey P. Wermuth, BBO #559681 |
|  | Murphy, Hesse, Toomey & Lehane |
|  | 300 Crown Colony Drive, P.O. Box 9126 |
|  | Quincy, MA 02269-9126 |
|  | (617) 479-5000 |
| DATED: June 13, 2013 | gwermuth@mhtl.com |

**CERTIFICATE OF SERVICE**

I, Geoffrey P. Wermuth, hereby certify that I that this document filed through the ECF System will be send electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and paper copies will be send to those indicated as non-registered participants this 13th day of June, 2013.

/s/ Geoffrey P. Wermuth
_____
Geoffrey P. Wermuth