UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Wesson, *et al*.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Town of Salisbury, a municipal corporation, *et al*.,<br><br>　　　　　Defendants. | Civil Action No.<br>1:13-cv-10469 |

**ANSWER of the INTERVENOR
COMMONWEALTH OF MASSACHUSETTS to the AMENDED COMPLAINT**

**First Defense**

　　　　The Commonwealth of Massachusetts answers the corresponding paragraphs of the amended complaint as follows.

　　　　1.　　This paragraph summarizes Plaintiffs' claims, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).  To the extent this paragraph contains any such allegations, they are denied.

　　　　2.- 4.　　The Commonwealth lacks information sufficient to admit or deny the allegations of paragraphs 2-4.

　　　　5.　　The Commonwealth admits the allegations of the first sentence of paragraph 5 and admits that Thomas Fowler (Fowler) is the Chief of Police of Salisbury.  The remaining allegations of the second sentence of paragraph 5 assert only legal conclusions that do not require a response as these allegations purport to describe a police chief's responsibilities under Mass. Gen. Laws c. 140, §§ 131 and 131A, which provisions speak for themselves.  With respect to the third sentence of paragraph 5, the Commonwealth admits that Fowler is sued in his official capacity and that he is the licensing authority for the Town with respect to firearms licenses under Mass. Gen. Laws c. 140, § 131; the Commonwealth lacks information sufficient to admit or deny the remaining allegations of this sentence.

6. The Commonwealth admits the allegations of the first sentence of paragraph 5 and admits that James Hicks (Hicks) is the Chief of Police of Natick. The remaining allegations of the second sentence of paragraph 6 assert only legal conclusions that do not require a response as these allegations purport to describe a police chief's responsibilities under Mass. Gen. Laws c. 140, §§ 131 and 131A, which provisions speak for themselves. With respect to the third sentence of paragraph 6, the Commonwealth admits that Hicks is sued in his official capacity and that he is the licensing authority for the Town with respect to firearms licenses under Mass. Gen. Laws c. 140, § 131; the Commonwealth lacks information sufficient to admit or deny the remaining allegations of this sentence.

7.-8. Paragraphs 7 and 8 assert conclusions of law, but contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b). To the extent that these paragraphs contain any such allegations, they are denied.

9. The Commonwealth restates and incorporates herein by reference its responses to paragraphs 1-8.

10. – 11. These paragraphs merely purport to characterize and quote from Supreme Court opinions, but contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).

12. – 13. These paragraphs merely purport to characterize or quote from provisions in the Massachusetts gun licensing statutes, Mass. Gen. Laws. c. 140, § 121, *et seq.*, which speak for themselves, but contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).

14. The first sentence of paragraph 14 is too vague and indefinite to permit the Commonwealth to frame a response; as such, the Commonwealth lacks information sufficient to admit or deny the allegations of this sentence. The remainder of paragraph 14 merely purports to characterize or quote from provisions in the Massachusetts gun licensing statutes, Mass. Gen. Laws. c. 140, § 121, *et seq.*, which speak for themselves, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).

15. – 21.   These paragraphs merely purport to characterize or quote from provisions in the Massachusetts gun licensing statutes, Mass. Gen. Laws. c. 140, § 121, *et seq*., which provisions speak for themselves, but contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).

22.   The first sentence of paragraph 22 merely quotes from a document that is identified as being attached as Exhibit A to the complaint, but which does not appear to be so attached.  The document, in any case, speaks for itself, so no response is required under Fed. R. Civ. P. 8(b).  The Commonwealth lacks information sufficient to admit or deny the allegations of the second sentence of paragraph 22.

23. – 28.   The Commonwealth lacks information sufficient to admit or deny the allegations of paragraphs 23-28.

29.   The first sentence of paragraph 29 asserts a conclusion of law, but does not contain allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).  The second sentence of paragraph 29 also asserts a conclusion of law (about the effect of the Massachusetts gun licensing statute), which provisions speak for themselves, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b).

30. – 33.   The Commonwealth lacks information sufficient to admit or deny the allegations of paragraphs 30-33.

34.   With respect to the first sentence of paragraph 34, the Commonwealth admits that in 2008 Massachusetts enacted, in a statewide ballot initiative, a law that is now codified at Mass. Gen. Laws c. 94C, § 32L, that provides that "possession of one ounce or less of marihuana shall only be a civil offense;" but the Commonwealth denies that the law decriminalizes the use of marijuana.  The second sentence of paragraph 34 merely quotes from section 32L and so does not require a response under Fed. R. Civ. P. 8(b), as the statute speaks for itself.

35.   The Commonwealth lacks information sufficient to admit or deny the allegations of the first sentence of paragraph 35.  The second sentence of paragraph 35 asserts a conclusion

of law, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b); to the extent a response might be required, the allegations are denied.

36. The Commonwealth lacks information sufficient to admit or deny the allegations of the first sentence of paragraph 36. The second sentence of paragraph 36 asserts a conclusion of law, but contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b); to the extent a response might be required, the allegations are denied.

37. – 38. Paragraphs 37 and 38 assert only conclusions of law, but contain no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b); to the extent these paragraphs contain allegations of fact, they are denied.

39. – 40. The Commonwealth lacks information sufficient to admit or deny the allegations of paragraphs 39 and 40.

41. The Commonwealth denies the allegations of paragraph 41.

42. – 43. The Commonwealth lacks information sufficient to admit or deny the allegations of paragraphs 42 and 43.

### Count I

44. The Commonwealth restates and incorporates herein by reference its responses to paragraphs 1 - 43.

45. – 48. Paragraphs 45 – 48 assert only conclusions of law, but do not contain allegations of fact to which a response is required under Fed. R. Civ. P. 8(b). To the extent these paragraphs contains allegations of fact, they are denied.

### Second Defense.

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining relief against the Commonwealth.

### Third Defense.

Plaintiffs cannot assert any claim against the Commonwealth under 42 U.S.C. § 1983.

**Fourth Defense**

Plaintiffs have failed to state a claim upon which relief can be granted.

**Fifth Defense**

The plaintiff Commonwealth Second Amendment, Inc., lacks standing.

WHEREFORE, the Commonwealth of Massachusetts respectfully requests that this Court enter a judgment for the defendants that (1) denies with prejudice all of the relief requested in the Complaint; (2) declares that the challenged provisions of Mass. Gen. Laws c. 140, §§ 131 and 131A do not violate, and are fully consistent with, the Second Amendment to the United States Constitution, (3) otherwise dismisses the Complaint with prejudice; and (4) grants such other relief as is proper.

MARTHA COAKLEY
*ATTORNEY GENERAL OF MASSACHUSETTS*

/s/ William W. Porter
William W. Porter (BBO # 542207)
Assistant Attorney General, Government Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617.963.2976

October 15, 2013          bill.porter@state.ma.us

Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non registered participants on or before October 15, 2013.

/s/ William W. Porter
William W. Porter
Assistant Attorney General