UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Wesson, Thomas Woods and Commonwealth Second Amendment, Inc.<br>Plaintiffs<br>v.<br><br>Town of Salisbury, a municipal corporation; Thomas Fowler, Chief of the Town of Salisbury Department of Police; Town of Natick, a municipal corporation; and James G. Hicks, Chief of the Town of Natick Police Department,<br>Defendants | Case No. 13-CV-10469-RGS |

## **TOWN OF NATICK AND JAMES G. HICKS MOTION FOR JUDGMENT ON THE PLEADINGS**

The Defendants Town of Natick and James G. Hicks, Chief of Police for the Town of Natick[1] ("Natick Defendants"), hereby move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). As reasons therefor, the Natick Defendants state that:

1.  As Plaintiffs allege in their Complaint, G.L. c. 140, §131(d)(i)(e), mandates the denial of a license to carry a handgun ("LTC") where an applicant has a prior conviction for "a violation of any law regulating the use, possession or sale of controlled substances as defined in section 1 of chapter 94C."

2.  Similarly, as Plaintiffs allege, under state law a Permit to Purchase ("PTP") cannot be issued to an applicant if the applicant does not qualify for an LTC. Complaint, ¶ 22; Exhibit A to Complaint, Memorandum from Director of Massachusetts Firearm Support Services;

3.  Plaintiff Woods has such a prior conviction, for marihuana possession;

---

[1] Chief Hicks is sued in his official capacity.

4. Therefore Chief Hicks denied Plaintiff Woods' application for both a LTC and a "PTP";

5. Chief Hicks had no discretion under state law and was required under that law to deny Plaintiff Woods' applications for a LTC and PTP;

5. A municipal actor cannot be liable for a violation of 42 U.S.C. §1983 where all he did was follow non-discretionary state law, especially where that state law has been held constitutional in the face of various challenges over the years;

6. Such a state law is not a <u>municipal</u> custom, policy or practice as required for liability under 42 U.S.C. §1983.

Therefore, the Natick Defendants respectfully request that this Court enter Judgment on the Pleadings in its favor.

Defendants Town of Natick
and James G. Hicks,
By their attorney

/s/ Geoffrey P. Wermuth_____
Geoffrey P. Wermuth, BBO #559681
Murphy, Hesse, Toomey & Lehane
300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126
(617) 479-5000
DATED: March 1, 2014        gwermuth@mhtl.com

**CERTIFICATE OF SERVICE**

I, Geoffrey P. Wermuth, hereby certify that I that this document filed through the ECF System will be sent electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and paper copies will be send to those indicated as non-registered participants this 1st day of March, 2014.

/s/ Geoffrey P. Wermuth
Geoffrey P. Wermuth