**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL WESSON; THOMAS WOODS; and** | ) |
| **COMMONWEALTH SECOND AMENDMENT, INC.** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) **Docket No. 1:13-cv-10469** |
| **TOWN OF SALISBURY, a municipal corporation;** | ) |
| **THOMAS FOWLER, Chief of the Town of Salisbury** | ) |
| **Department of Police; TOWN OF NATICK, a** | ) |
| **Municipal corporation; JAMES HICKS, Chief** | ) |
| **of the Town of Natick Department of Police.** | ) |
| **Defendants** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'**
**MOTION IN OPPOSITION TO DEFENDANT HICKS AND NATICK'S MOTION**
**FOR JUDGMENT ON THE PLEADINGS**

**REQUEST FOR ORAL ARGUMENT**

Now Comes Plaintiff Thomas Woods and Commonwealth Second Amendment, Inc., by and

through undersigned counsel, and submits their Memorandum of Points and Authorities in

opposition to Defendant James Hicks and Town of Natick's Motion for Judgment on the

Pleadings.

Thomas Woods and
Commonwealth 2nd Amendment, Inc.
By their attorneys,

/s/ Jeffrey T. Scrimo
Jeffrey T. Scrimo
Lynch Scrimo—Attorneys
PO Box 1787
68 Main St., 2nd Floor
Lenox, MA 01240
BBO# 649864
(P) 413-637-1300
(F) 866-230-7304
Jeff@LenoxAttorney.com

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ........................................................................... 1

STANDARD OF REVIEW ................................................................................. 2

ARGUMENT ..................................................................................................... 2

    *A. Plaintiff's Complaint Sets Forth an Actionable Claim For Declaratory Judgment.* .......... 4

    *B. Plaintiff's Complaint Sets Forth an Actionable Claim For A Non-Monetary Remedy In His §1983 Action.* ........................................................................... 8

CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009).................................................................. 2

Battista v. Clarke, 645 F.3d 449 (1st Cir. 2011) ................................................. 4, 9

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................................. 2

Cepero-Rivera v. Fagundo, 414 F.3d 124 (1st Cir. 2005) .................................... 3

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ....................................................... 2

District of Columbia v. Heller, 128 S.Ct. 2783 (2008)........................................ 6

Ex Parte Young, 209 U.S. 123 (1908) ............................................................... 4, 8

Goldstein v. Galvin, 719 F.3d 16 (1st Cir. 2013) .............................................. 4, 9

McDonald v. City of Chicago, 130 S. Ct. 3020 (2010) ....................................... 6

Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978)............... 3, 4

Scheuer v. Rhodes, 416 U.S. 232 (1974)............................................................. 2

Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464 (1st Cir. 2009)............. 4

**Statutes**

28 U.S.C. § 2201 ............................................................................................. 1, 5

42 U.S.C. § 1983 .......................................................................................... 1, 3, 8

Fed.R.Civ.P. 57 .................................................................................................. 5

Fed.R.Civ.P. 8(a)(2) ........................................................................................... 2

M.G.L. c. 140 § 121 ........................................................................................... 7

M.G.L. c. 140 § 131(d)(i)(e) ............................................................................. 1, 2

M.G.L. c. 140, § 131 .......................................................................................... 3

M.G.L. ch. 140, § 131(d) ................................................................................... 7

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

The defendants' Motion for Judgment on the Pleadings should be denied, as the plaintiffs have alleged facts sufficient to establish both their right to relief and standing to claim such relief. The plaintiff, Thomas Woods, has adequately pled two separate and distinct claims: 1) Declaratory Judgment and Injunctive Relief under 28 U.S.C. §§ 2201 and 2202, and 2) 42 U.S.C. § 1983. The Defendants motion conflating distinct claims and failing to address the statutory authorization of Natick and/or Chief Hicks as the only duly authorized licensing authority for firearms licenses for Plaintiff Woods is meritless and without any precedential or statutory basis. Accordingly, the motion must be denied.

### BACKGROUND

Defendants enforce M.G.L. c. 140 § 131(d)(i)(e), which is part of a Massachusetts gun licensing scheme.  Plaintiff, Thomas Woods ("Woods"), applied to Defendants for a License to Carry ("LTC") and subsequently also requested a Permit to Purchase ("PTP") so that he could exercise his fundamental Second Amendment right to purchase, possess and carry a handgun inside his home for self-defense, as well as to transport a handgun to a range to maintain proficiency.  Defendants, who are the proper duly authorized gun Licensing Authority for Mr. Woods's application, denied Mr. Woods the LTC and the PTP, citing M.G.L. c. 140 § 131(d)(i)(e) as their reason for denial.  M.G.L. c.140 §131(d)(i)(e) imposes a lifetime ban preventing Woods from ever possessing a handgun in Massachusetts, even in his own home.

On May 12, 1982, Plaintiff Thomas Woods pled guilty without a lawyer to one count of the misdemeanor offense of simple Possession of Marijuana in the Commonwealth of Virginia.

1

As a result, a guilty was entered and a $10 fine was imposed.  Other than the non-violent misdemeanor conviction more than thirty years ago Plaintiff has no other disqualifying criminal infractions, and has been a law-abiding and responsible person.

Plaintiff has alleged in the Amended Complaint that as-applied to him, Defendants' actions in enforcing the lifetime handgun ban and denying his application for a handgun license pursuant to M.G.L. c. 140 § 131(d)(i)(e) violates his rights under the Second and Fourteenth Amendments to the U.S. Constitution.

## STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Rule 12(c) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  All well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Although "detailed factual allegations" are not necessary, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555,127 S.Ct. 1955,167 L.Ed.2d 929 (2007), the complaint must "contain sufficient factual matter... to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662.129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570 (1955).

## ARGUMENT

The plaintiff's Amended Complaint sets forth a claim for Declaratory Judgment under 28 U.S.C. § 2201, as well as a claim seeking prospective injunctive and declaratory relief as remedies and no monetary damages under 42 U.S.C. § 1983.  See Plaintiffs Complaint at ¶¶ 1, 7, Count I heading, and Prayer for Relief on Subparagraphs A-F of last page.  Defendants' Motion

addresses only issues related to municipal liability under 42 U.S.C. § 1983 actions seeking monetary damages and/or equitable monetary relief. Plaintiffs, however, have not made a claim for monetary damages or equitable monetary relief, but only seek a declaratory judgment and prospective injunctive relief. Accordingly, Defendants wrongly assert that <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658 (1978) controls this action. Defendants' argument does not at all address the well-recognized distinction under federal law between naming a party in his official capacity in declaratory judgment and § 1983 actions seeking only prospective injunctive relief, and naming a municipal defendant in a <u>Monell</u> type action seeking monetary damages.

M.G.L. c. 140 § 131 and M.G.L. c. 140 § 121 place ultimate and final authority for licensing of firearms for those residing in Natick on "the chief of police or the board or officer having control of the police in a city or town, or persons authorized by them." <u>Id</u>. In the present case, the Amended Complaint alleges that Defendant Police Chief Hicks and/or Town of Natick, as Licensing Authority, acted under the color of M.G.L. c. 140, § 131 to deny Plaintiff Thomas Woods of his federal constitutional right to keep and bear arms under the Second Amendment. <u>See</u> Amended Complaint. The Amended Complaint seeks only a declaratory judgment and prospective injunctive relief. The Amended Complaint thus states a valid claim against Defendants Hicks and Town of Natick under 42 U.S.C. § 1983. Additionally, because Defendants Hicks and Natick are the Licensing Authority with the sole authority under the law to enforce the gun licensing statute by issuing or denying the license sought by Woods, Plaintiff has properly named them as parties to his Declaratory Judgment action as Defendants are the only parties over whom an injunctive order can hold any power to right the constitutional wrong alleged.

### A. Plaintiff's Complaint Sets Forth an Actionable Claim For Declaratory Judgment.

Starting first with Plaintiff's claim for Declaratory Judgment, which was not addressed

by Defendants, 28 U.S.C. § 2201 states that

> [i]n a case of actual controversy within its jurisdiction . . . any court
> of the United States, upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could be
> sought. Any such declaration shall have the force and effect of a
> final judgment or decree and shall be reviewable as such. Id.

Rule 57 of the Federal Rules of Civil Procedure (Declaratory Judgment) further

makes clear that "the existence of another adequate remedy does not preclude a

declaratory judgment that is otherwise appropriate." Id. According to the Notes of

the Advisory Committee to the Rule,

> The fact that a declaratory judgment may be granted "whether or not
> further relief is or could be prayed" indicates that declaratory relief
> is alternative or cumulative and not exclusive or extraordinary. A
> declaratory judgment is appropriate when it will "terminate the
> controversy" giving rise to the proceeding. Id.

Of course, the "controversy must necessarily be 'of a justiciable nature, thus excluding an

advisory decree upon a hypothetical state of facts.'" Id. (citing Ashwander v. Tennessee Valley

Authority, 297 U.S. 288, 325 (1936)). Finally, "the fact that another remedy would be equally

effective affords no ground for declining declaratory relief." Id.

In the present matter Plaintiff has clearly set forth in his Complaint a judiciable issue, the

particular unconstitutional harm caused to him by Defendants' actions, and a precise statement

of the declaratory judgment sought. Specifically, the justiciable issue and unconstitutional harm

caused to Plaintiff is set forth as an alleged violation of Plaintiff's Second Amendment right by

Defendants' denial of his LTC and PTP applications. See Plaintiff's Complaint at ¶¶ 1, 6, 10-13,

4

31-32, 35, 36, 41, 48.   The specific Declaratory Judgment sought is set forth in Plaintiff's demand for relief in his Complaint.  See Plaintiff's Amended Complaint at last page ¶¶ A and B. Plaintiff's Complaint also requests specific prospective injunctive relief against Defendants.

In support of the justiciability of Plaintiff's allegations, Plaintiff sets forth a summary of the legal basis of his claim.  On June 26, 2008, the Supreme Court of the United States held in District of Columbia v. Heller, 128 S.Ct. 2783 (2008) that the right of individuals to keep and bear arms for self-defense is enshrined in the Second Amendment to the United States Constitution.  As specifically stated by the Heller Court: "we hold that the District's ban on *handgun possession* in the home violates the Second Amendment. . ..  Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must . . . issue him a license to carry [a handgun] in the home." Id. (emphasis added).  The Heller Court put particular emphasis on handguns specifically being covered by the Second Amendment right because they are "the most preferred firearm in the nation to 'keep' and use for protection of one's home and family."  Heller, 128 S.Ct. at 2818 (2008).  On June 28, 2010, the Supreme Court of the United States held in McDonald v. City of Chicago, 130 S. Ct. 3020 (2010), that the Second Amendment right to keep and bear arms restrains state and local governments through incorporation in the Fourteenth Amendment.

The relevant provisions of the Massachusetts gun licensing scheme are set forth in detail in Plaintiffs' Amended Complaint, and so are not all set forth again here.  See Plaintiffs' Complaint.  In summary, though, the Massachusetts gun licensing scheme establishes three classes of license relative to possessing "handguns" or other "large capacity" guns: 1) Class A License to Carry ("LTC-A"), 2) Class B License to Carry ("LTC-B"), and 3) Firearm Identification Card ("FID") plus an additional Permit to Purchase ("PTP").  A person must be issued one of the three above-listed licenses in order to lawfully

possess and carry a handgun or other "high capacity" firearm in their home in Massachusetts. See Mass. Statutes set forth in Plaintiff's Complaint.

Per the Massachusetts gun-licensing scheme, in order to obtain a Massachusetts LTC or PTP, a resident must submit an application for the license to the "Licensing Authority" in their jurisdiction. The "Licensing Authority" is limited to "the chief of police or the board or officer having control of the police in a city or town, or persons authorized by them." M.G.L. c. 140 § 121. The "Licensing Authority" is the government's sole decision maker regarding who obtains a Massachusetts LTC or PTP under M.G.L. ch. 140, § 131(d), and 131A. Id. at § 131A and § 131(e) ("The licensing authority shall . . . either approve the application and issue the license or deny the application and notify the applicant of the reason for such denial in writing.")

In the present case, Plaintiff alleges in his Amended Complaint that the "Licensing Authority," —the only government official or entity capable of enforcing the gun licensing statute by issuing or denying a Massachusetts LTC or PTP— has denied him a license necessary to exercise his Second Amendment rights based upon the Licensing Authority's enforcement of an unconstitutional statute. Since Chief Hicks or the Town of Natick, as the Licensing Authority for Natick, are the only Licensing Authorities capable of issuing or denying a Second Amendment license, they are properly named in the Declaratory Judgment action.

Plaintiff has not prayed for money damages in this suit. See Plaintiff's Amended Complaint and Demand for Relief therein. In such a case, naming the officer or agency with enforcement power over the unconstitutional statute has long been considered a federal justiciable issue over which the federal courts hold authority to impose judgment and injunctions:

When the question of the validity of a State statute with reference to

6

> the Federal Constitution has been first raised in a Federal court, that court has the right to decide it to the exclusion of all other courts. It is not necessary that the duty of a State officer to enforce a statute be declared in that statute itself in order to permit his being joined as a party defendant from enforcing it; if, by virtue of his office, he has some connection with the enforcement of the act, it is immaterial whether it arises by common general law or by statute. While the courts cannot control the exercise of the discretion of an executive officer, an injunction preventing such officer from enforcing an unconstitutional statute is not an interference with his discretion. Ex Parte Young, 209 U.S. 123, 124-25 (1908).

Accordingly, because the Licensing Authority is the sole government actor enforcing the gun licensing statute with the authority to issue or deny the license, and is defined as the Chief of Police or the municipal government controlling the Chief of Police, either or both entities are properly named parties to a Declaratory Judgment Act for purposes of Defendants' Motion for Judgment on the Pleadings.  Injunctive relief against the Commonwealth itself could result in no remedy for Plaintiff because neither the Commonwealth generally nor the Massachusetts Attorney General's office has any authority to issue the license sought by Plaintiff.

### B. *Plaintiff's Complaint Sets Forth an Actionable Claim For A Non-Monetary Remedy In His §1983 Action.*

Federal law makes a state official liable if he acts under color of law and "subjects, or causes to be subjected," any person "to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983.  Liability extends to "those individuals who participated in the conduct that deprived the plaintiff of his rights." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).  Here, the Complaint alleges that Defendant Police Chief Hicks acted pursuant to a state law – M.G.L. c. 140, § 131 – and that in so doing, he denied Plaintiff Thomas Woods of a federal constitutional right – specifically, his Second Amendment

7

right to keep and bear arms. See Amended Complaint ¶¶ 31, 32, 35, 37, 41. The Amended

Complaint thus states a valid claim against Defendant Chief Hicks under 42 U.S.C. § 1983.

The Amended Complaint also states a valid claim against the Town of Natick. The claims

against Chief Hicks all concern actions he took in his official capacity as the Natick Police Chief.

It is well established that when a lawsuit challenges a person's actions in an official capacity, it

"generally represent[s] only another way of pleading an action against an entity of which an

officer is an agent." Goldstein v. Galvin, 719 F.3d 16, 23 (1st Cir. 2013) (quoting Monell v.

Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 n.55 (1978)). Thus, because the Complaint

states a valid claim against Chief Hicks in his official capacity, it likewise states a valid claim

against the Town of Natick, for whom Chief Hicks answers to and on whose behalf Chief Hicks

was acting. And because the lawsuit seeks only prospective injunctive and declaratory relief,

rather than monetary damages, there is no need for "the separate roles of individual defendants

[to] be sorted out." Battista v. Clarke, 645 F.3d 449, 452 (1st Cir. 2011).

Defendants' claim that they are not liable because they merely executed a non-

discretionary state law is meritless. Indeed, accepting these claims would turn more than 100

years' worth of civil rights jurisprudence on its head. These claims all flow from Defendants'

failure to recognize the basic distinction between retrospective claims for money damages and

prospective claims for declaratory and injunctive relief. While it is true that municipal

defendants cannot be held liable to pay money damages merely because they executed a state

law in a manner that violated the federal Constitution, ever since the Supreme Court's 1908

decision in Ex Parte Young, 209 U.S. 123, plaintiffs have been able to use § 1983 to "proceed

against state officers in their official capacities to compel them to comply with federal law."

Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 478 (1st Cir. 2009). The limitation is that

these lawsuits can only seek "prospective injunctive or declaratory relief," rather than "retroactive monetary damages or equitable restitution." Id. Of course, the Amended Complaint here seeks only prospective injunctive and declaratory relief – not retroactive monetary damages or equitable restitution. See Amended Complaint.

Defendants' claims of non-liability dissolve as soon as one uses these basic and well-established principles to analyze them. For many of the same reasons as set forth above, Plaintiff's §1983 action properly includes the Licensing Authority, Chief Hicks and Town of Natick. Defendant's reliance on Monell for the proposition that Defendants are immune from suit for enforcing state statutes because they are not the municipality's "policy or custom" is misplaced. First, Monell does not deal with the issue at bar at all, to wit, whether a municipality can be sued in federal court for enforcing state statutes. Monell dealt only with a very limited factual issue not related to municipal enforcement of state statutes. Nor can the First Circuit cases cited by Defendants reasonably be considered to address the issue of municipal non-monetary liability under § 1983 for enforcement of a state statute.

Once again, it must be stressed that Plaintiff in the present case does not seek monetary damages against the Licensing Authority, but only declaratory judgment and injunctive relief with associated "costs." Nor does Plaintiff wish to impose respondeant superior liability on the Town, but has named the Town because it is a defined Licensing Authority under the Massachusetts gun-licensing scheme. Accordingly, Monell, and related cases are not even the proper cases for analysis of Defendant's Motion for Judgment on the Pleadings, but the well-established paradigm set forth in Ex Parte Young, 209 U.S. 123, 124-25 (1908) should apply.

In the present case, the Licensing Authority is the Town and Police Chief. The Licensing Authority has sole and final decision whether the license is issued. There is no government

9

entity, save the courts in a declaratory judgment action of the type Plaintiffs engage in at present, that can override the Licensing Authority's decision to deny the handgun license under M.G.L. c. 140 § 131(d)(i)(e).  The denial decision comes from and is implemented by the Licensing Authority.  Accordingly, as the sole decision makers, the Licensing Authority is properly named to include both the Town and the Chief of Police.

## CONCLUSION

In conclusion, Plaintiff has properly pleaded claims for Declaratory Judgment and prospective injunctive relief under 42 U.S.C. § 1983.  Specifically and accordingly, Plaintiff has named the defined Licensing Authority for their enforcement of an unconstitutional state statute, § 131(d)(i)(e).  Defendants Chief Hicks and Town of Natick are the proper parties in such a suit seeking only a declaratory judgment and prospective injunctive relief.

Based on the foregoing analysis, Defendant's Motion for Judgment on the Pleadings should be DENIED.

<div style="margin-left:40%">

Plaintiff Thomas Woods
By His Attorney,
 */s/ Jeffrey T. Scrimo*
Jeffrey T. Scrimo
Lynch Scrimo—Attorneys
PO Box 1787
Lenox, MA 01240
BBO# 649864
Jeff@LenoxAttorney.com

</div>

10

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and served via email on this 14 of March, 2014.

/s/ Jeffrey T. Scrimo

11