UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Wesson, *et al*.<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Town of Salisbury, a municipal corporation, *et al*.,<br><br>　　　　　　Defendants. | Civil Action No.<br>1:13-cv-10469 |

**ASSENTED-TO MOTION OF THE COMMONWEALTH OF MASSACHUSETTS
TO ENLARGE ITS TIME TO OPPOSE PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 6(b), the defendant-intervenor Commonwealth of Massachusetts moves to enlarge its time to oppose the plaintiffs' motion for summary judgment by seven days to, and including, March 28, 2014.  All plaintiffs and defendants, by their counsel, have assented to the allowance of this motion.

As grounds, the Commonwealth states:

1.　　The Commonwealth was granted leave to intervene in this action pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 24(a)(1) to defend the constitutionality of Mass. Gen. L. c. 140, §§ 131 and 131A, which plaintiffs have drawn into question.

2.　　Plaintiffs served their motion for summary judgment and supporting materials on February 28, 2014.  Under the current scheduling order, the Commonwealth's opposition is due March 21, 2014, and the oppositions of the Town Defendants are due April 4, 2014.

3.　　Undersigned counsel seeks this enlargement of time because of the press of other matters for which he is responsible in the Office of the Massachusetts Attorney General.  As Chief of the Administrative Law Division, undersigned counsel has supervisory responsibility for a large number of civil actions against Massachusetts officials and agencies, including challenges to state statutes, regulations, programs, and administrative agency decisions.  Among

many others, the following cases have recently required substantial supervisory attention: *Sam H., by his mother, Alison H., et al. v. Patrick, Governor, et al.*, U.S.D.C. no. 1:14-cv-10106-MLW (putative class action by MassHealth members alleging that MassHealth violates the Early Periodic Screening Diagnosis and Treatment provisions of the Medicaid Act by denying medically necessary orthodontic treatment to children); *Town of Barnstable, et al. v. Berwick, et al.*, U.S.D.C. no. 1:14-10148-RGS (constitutional challenge to power purchase agreement between Cape Wind and NStar); and Caesars Massachusetts Management Company, LLC, et al. v. Crosby, et al., (constitutional challenge to suitability review conducted by Mass. Gaming Commission in connection with the application of Sterling Suffolk Racecourse, LLC, for a casino license). Because of the press of all these matter, undersigned counsel has not had adequate time to prepare the Commonwealth's brief.

4. In addition, this case raises a number of questions about the scope and construction of certain provisions of the Massachusetts gun licensing laws, Mass. G.L. c. 140, §§121 - 131A, and whether these provisions, as applied to plaintiffs, violate the Second Amendment. See Am. Compl. ¶¶ 45-48. Before it is final, the Commonwealth's brief must be reviewed and approved within the Office of the Attorney General and circulated to state officials who are responsible for administration of the gun licensing laws. The Commonwealth requests this enlargement of time to accommodate this additional internal review of the brief. *See Feeney v. Commonwealth*, 373 Mass. 359, 366 (1977) (noting Commonwealth's strong interest in defending the constitutionality of Massachusetts statutes).

5. The Court has not yet scheduled a hearing on the summary judgment motions. Allowance of this motion will not delay the progress or disposition of the case.

6. Under the current scheduling order, the Town Defendants' oppositions are due April 4 (i.e. 14 days after the Commonwealth's opposition). Accordingly, the Town Defendants have asked that the deadline for their oppositions also be extended by seven days if this motion is granted.

**Certification of Compliance With L.R. 7.1(A)(2)**

The undersigned counsel for the Commonwealth certifies that he contacted counsel for all parties by telephone or e-mail on or before March 14, 2014, and all have assented to this motion.

WHEREFORE, the Commonwealth respectfully requests that the time within which the Commonwealth must file and serve its opposition to the plaintiffs' motion for summary judgment be enlarged by seven days to, and including, March 28, 2014, and that the time for the Town Defendants to file their oppositions also be enlarged by seven days, to and including April 11, 2014.

|  |  |
|---|---|
| | MARTHA COAKLEY<br>*ATTORNEY GENERAL OF MASSACHUSETTS* |
| **March 14, 2014** | /s/ William W. Porter<br>William W. Porter  (BBO # 542207)<br>Assistant Attorney General, Government Bureau<br>Office of the Attorney General<br>One Ashburton Place<br>Boston, MA  02108<br>617.963.2976<br>Bill.Porter@state.ma.us |

CERTIFICATE OF SERVICE

I hereby certify that the above document will be served on March 14, 2014, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

/s/ William W. Porter
William W. Porter
Assistant Attorney General

.