UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
Michael Wesson, Thomas Woods and            )
Commonwealth Second Amendment, Inc.         )
        Plaintiffs                          )
                                            )   Case No. 13-CV-10469-RGS
v.                                          )
                                            )
Town of Salisbury, a municipal corporation; )
Thomas Fowler, Chief of the Town of Salisbury )   Leave to file granted on
Department of Police; Town of Natick, a     )   March 19, 2014
municipal corporation; and James G. Hicks,  )
Chief of the Town of Natick Police Department, )
        Defendants                          )
                                            )
_____)

**TOWN OF NATICK AND JAMES G. HICKS ("NATICK DEFENDANTS") REPLY TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING THE NATICK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs' basic argument in opposition to the Natick Defendants' motion for judgment on the pleadings is that the municipal "policy or custom" aspect of Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978) somehow does not apply in a suit seeking only prospective injunctive and declaratory relief.[1]

Plaintiffs are wrong, at least according to the United State Supreme Court. In 2010, the Supreme Court specifically held that Monell applies both to suits for money damages ***and*** to suits seeking prospective relief, such as an injunction or declaratory judgment:

> In Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), this Court held that civil rights plaintiffs suing a municipal entity under 42 U.S.C. §1983 must show that their injury was caused by a municipal policy or custom. The case before the Court in Monell directly involved monetary damages. The question presented is whether the "policy or custom" requirement also applies when plaintiffs seek prospective relief, such as an injunction or a declaratory judgment. We conclude that it does so apply.

---

[1] For example, at P. 3 of their Opposition, Plaintiffs state that "Plaintiffs, however, have not made a claim for monetary damages or equitable monetary relief, but only seek a declaratory judgment and prospective injunctive relief. Accordingly, Defendants wrongly assert that Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978) controls this action."

Los Angeles Cnty., Cal. v. Humphries, 131 S. Ct. 447, 449, 178 L. Ed. 2d 460 (2010).

Therefore, as the Natick Defendants argued in their initial memorandum, to prevail against the Natick Defendants for any degree of relief under §1983, under Monell the Plaintiffs must show a municipal policy or custom other than to simply follow state law, including prospective injunctive or declaratory relief. See cases cited in the Natick Defendants' Memorandum in Support of Their Motion for Judgment on the Pleadings. Because Plaintiffs cannot show that the Natick Defendants did anything other than follow non-discretionary state law – in fact they allege the Natick Defendants lacked any discretion at all under state law - the Natick Defendants are entitled to judgment on the pleadings on Count I of the Plaintiffs' Amended Complaint[2].

Because the success or not of Plaintiffs' declaratory judgment claim derives from its success or not on their §1983 claim, Plaintiffs' declaratory judgment claim fares no better. If the Natick Defendants are not liable under §1983[3], then they also are not liable to any degree on Plaintiffs' declaratory judgment claim since such a claim is not substantive but procedural. As the Supreme Court recently noted:

> We have long considered "the operation of the Declaratory Judgment Act" to be only "procedural," Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937), leaving "substantive rights unchanged," Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 509, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). See also Vaden v. Discover Bank, 556 U.S. 49, 70, n. 19, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009); Skelly Oil Co., 339 U.S., at 674, 70 S.Ct. 876 (noting the "limited procedural purpose of the Declaratory Judgment Act").

---

[2] Despite Plaintiffs' assertions at Page 1 of their Opposition that they have pleaded "two separate and distinct claims," they have not. Their Amended Complaint has a single count which conflates their supposedly separate §1983 and declaratory judgment claims.

[3] Defendants' argument does not, as Plaintiffs seem to think, hinge on the relief sought by Plaintiffs. It hinges on whether or not Plaintiffs have stated a claim under §1983. That statute under Monell requires an unlawful or unconstitutional policy or custom of the Town, not a non-discretionary requirement of state law, for any §1983 liability to attach.

Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S.Ct. 843, 849 (2014).

Therefore the Natick Defendants respectfully request that judgment enter in their favor on Count I of Plaintiffs' Amended Complaint, and that a declaratory judgment enter in their favor declaring that the Natick Defendants by their adherence to non-discretionary state law have not violated any constitutional right of the Plaintiffs nor are they subject to liability of any nature under 42 U.S.C. §1983.

|  |  |
|---|---|
|  | Defendants Town of Natick and James G. Hicks, By their attorney |
|  | /s/ Geoffrey P. Wermuth_____ Geoffrey P. Wermuth, BBO #559681 Murphy, Hesse, Toomey & Lehane 300 Crown Colony Drive, P.O. Box 9126 Quincy, MA 02269-9126 (617) 479-5000 |
| DATED:    March 19, 2014 | gwermuth@mhtl.com |

## CERTIFICATE OF SERVICE

I, Geoffrey P. Wermuth, hereby certify that I that this document filed through the ECF System will be sent electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and paper copies will be send to those indicated as non-registered participants this 19th day of March, 2014.

/s/ Geoffrey P. Wermuth
Geoffrey P. Wermuth