UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL WESSON; THOMAS WOODS; and COMMONWEALTH SECOND AMENDMENT, INC.,

Plaintiffs,

v.

TOWN OF SALISBURY, a municipal corporation; THOMAS FOWLER, Chief of the Town of Salisbury Department of Police; TOWN OF NATICK, a municipal corporation; JAMES HICKS, Chief of the Town of Natick Department of Police,

Defendants.

COMMONWEALTH OF MASSACHUSETTS,

Intervenor-Defendant.

CIVIL ACTION
No. 1:13-cv-10469-RGS

**STATEMENT OF THE COMMONWEALTH OF MASSACHUSETTS PURSUANT TO LOCAL RULE 56.1**

In accordance with Local Rule 56.1, the Commonwealth of Massachusetts submits this Statement in response to the Plaintiffs' Statement of Material Facts in Support of their Motion for Summary Judgment. The Commonwealth states that there is no genuine dispute as to any material fact. For the sake of clarity, the Commonwealth omits the Plaintiffs' citations to record evidence that supports those facts that the Commonwealth does not dispute for purposes of summary judgment.

1. Plaintiff Michael Wesson ("Wesson") is a resident of the Town of Salisbury, MA.

**RESPONSE:** The Commonwealth does not dispute Paragraph 1.

2. Defendant Town of Salisbury is a Municipal Corporation of the Commonwealth of Massachusetts.  Defendant Thomas Fowler is the Chief of Police for The Town of Salisbury's Department of Police and is responsible for executing and administering the town's laws, customs, practices and policies regarding firearms licenses pursuant to powers granted by M.G.L. ch. 140 §§ 131 and 131A.  Chief Fowler is presently enforcing the laws complained of in this action, and is sued in his official capacity as the statutorily authorized Licensing Authority.

**RESPONSE:** The Commonwealth does not dispute Paragraph 2.

3. Plaintiff Thomas Woods ("Woods") is a resident of the Town of Natick, MA.

**RESPONSE:** The Commonwealth does not dispute Paragraph 3.

4. Defendant Town of Natick is a Municipal Corporation of the Commonwealth of Massachusetts.  Defendant James Hicks is the Chief of Police for The Town of Natick's Department of Police and is responsible for executing and administering the town's law, customs, practices and policies regarding firearms licenses pursuant to powers granted by M.G.L. ch. 140, §§ 131 and 131A.  Chief Hicks is presently enforcing the laws complained of in this action, and is sued in his official capacity as the statutorily authorized Licensing Authority.

**RESPONSE:** The Commonwealth does not dispute Paragraph 4.

5. Plaintiff Wesson is sixty-four years old.

**RESPONSE:** The Commonwealth denies Paragraph 5.  In an affidavit, Wesson states that he is sixty-five years old.  See Affidavit of Michael Wesson, attached as Exhibit A to Plaintiffs' Statement of Undisputed Material Facts.

6. Plaintiff Woods is Fifty-two years old.

**RESPONSE:** The Commonwealth does not dispute Paragraph 6.

7.      Plaintiff Wesson has no criminal record in Massachusetts, other than a nolo contend[e]re plea in 1967 for Minor in Possession of Alcohol when he was eighteen years old.

**RESPONSE:** The Commonwealth does not dispute that, as of April 10, 2012, Wesson had no criminal record in Massachusetts, other than the nolo contendere plea in 1967.

8.      Plaintiff Wesson has a misdemeanor conviction, entered in the State of Maine in 1973, for simple possession of marijuana.

**RESPONSE:** The Commonwealth does not dispute Paragraph 8.

9.      The facts of Plaintiff Wesson's marijuana possession conviction were that he possessed a "joint" of marijuana while camping in 1983 in the northern woods of Maine near Dover Foxcroft.  A state park ranger saw Mr. Wesson smoking the joint and gave him a notice to appear in court.

**RESPONSE:** The Commonwealth does not dispute Paragraph 9.

10.     Plaintiff Wesson pled guilty and paid a $300 fine to resolve the charge without a lawyer.

**RESPONSE:** The Commonwealth does not dispute Paragraph 10.

11.     Other than the 1973 marijuana conviction, Plaintiff Wesson has never been convicted of any other statutory disqualifying misdemeanor or felony in any jurisdiction.

**RESPONSE:** The Commonwealth does not dispute the accuracy of the information in Paragraph 11, as of April 10, 2012.

12.     On May 12, 1982, Plaintiff Thomas Woods received a Summons to Appear in a Norfolk, Virginia court on a charge of simple Possession of Marijuana (Virginia Code 18.2-250.1).  Mr. Woods was twenty-one years old at the time and was on active duty in the United States Navy.

**RESPONSE:** The Commonwealth does not dispute Paragraph 12.

13.     The Norfolk police had showed up at a hotel room due to a sound complaint where Mr. Woods and a few shipmates were entertaining some local ladies.  When the police arrived, they saw a small bag of marijuana on the bed.  Mr. Woods took responsibility for the bag of marijuana for the group.

**RESPONSE:** The Commonwealth does not dispute Paragraph 13.

14.     He appeared in court a few times over the following days without an attorney, but the officer did not show up.  On May 27, 1982, Mr. Woods again showed up to court, but the officer again did not appear.  Mr. Woods informed the judge that he was being deployed, and that he was not sure when he would be returning to port.  Mr. Woods believes the judge told him that it was his "lucky day" and the case was "dismissed," but a $10 fine and a guilty was entered on his record.  The maximum potential penalty for the offense was thirty days in jail or a fine up to $500.

**RESPONSE:** The Commonwealth does not dispute Paragraph 14.

15.     Plaintiff Wesson applied for a License to Carry in 1993, but was denied due to his forty-year old marijuana possession conviction.

**RESPONSE:** The Commonwealth does not dispute that Wesson's application to renew his license to carry was denied in 1993 based on his marijuana possession conviction.

16.     Plaintiff Wesson has held a valid FID card since approximately 1993 and still holds a valid Massachusetts FID, issued by the Town of Salisbury Police Department pursuant to M.G.L. c. 140, § 129B.  Prior to 1993 Plaintiff Wesson held a License to Carry.

**RESPONSE:** The Commonwealth does not dispute Paragraph 16.

17. On or about January 28, 2013, Plaintiff Wesson applied for a Permit to Purchase ("PTP") with Defendant Town of Salisbury, but was denied from receiving said PTP due to the statutory disqualification pursuant to G.L. c. 140, § 131.

**RESPONSE:** The Commonwealth does not dispute Paragraph 17.

18. In June of 2011, Mr. Woods applied for a Massachusetts License to Carry so that he could possess and carry a handgun for self-defense purposes in his home. The Natick Police, however, would not process his application because M.G.L. c. 140, § 131(d)(i)(e) imposed a statutory disqualification caused by his thirty-year old marijuana possession conviction in Virginia.

**RESPONSE:** The Commonwealth does not dispute Paragraph 18.

19. Mr. Woods applied for and was granted a Massachusetts Firearms Identification card in August 2011.

**RESPONSE:** The Commonwealth does not dispute Paragraph 19.

20. On or about February 6, 2013, Mr. Woods applied for a Massachusetts Permit to Purchase so that he might possess a handgun in his home for self-defense purposes. On or about February 13, 2013, the Natick Police Department advised Mr. Woods that they could take no action on his PTP application because the Firearms Record Bureau had reportedly phased out issuing PTPs in the 1980s, and because the PTP "is not an option" due to his conviction for marijuana possession.

**RESPONSE:** The Commonwealth does not dispute Paragraph 20.

21. Since his marijuana conviction, Plaintiff Woods has led a law-abiding and productive life. Mr. Woods is now fifty-two years old and has two Honorable Discharges from the United States military: U.S. Navy 1980-1986 and U.S. Army 1987-1990.

**RESPONSE:** The Commonwealth does not dispute Paragraph 21.

22. While in the U.S. Navy Woods served as part of the Personal Reliability Program and a member of a Quick Reaction Force charged with safeguarding nuclear weapons. During his Navy service, Mr. Woods was granted three Sea Service Ribbons and a Navy Expeditionary Medal. During his time with the U.S. Army he was stationed in Berlin, West Germany and was granted "Top Secret" security clearance for the work he was doing for the National Security Agency. Mr. Woods was also a Training Sergeant within his military company and responsible for all training and weapons qualifications for the 200 man company.

**RESPONSE:** The Commonwealth does not dispute Paragraph 22.

23. During his Army service, Mr. Woods was granted numerous decorations and medals, including an Army Service Ribbon, Good Conduct Medal, Army of Occupation Medal and the Army Achievement Medal.

**RESPONSE:** The Commonwealth does not dispute Paragraph 23.

24. Following his military service, Mr. Woods moved on to a successful technology career including positions as a Security System Designer, Trade Show Organizer in Russia, Dot-Com Technology Startup in Wellesley, Public Safety Two-Way Radio professional out of Quincy, as Chief Technology Officer for a wireless ISP in Waltham, and his current position as a Senior Consultant for Tilson, a high tech consulting firm based in Portland, ME. He is married to his wife of twenty-two years.

**RESPONSE:** The Commonwealth does not dispute Paragraph 24.

25. Other than his single marijuana possession conviction, Plaintiff Wesson has led a productive and successful life. He graduated from the General Electric Company Apprentice Program in 1970.

**RESPONSE:** The Commonwealth does not dispute Paragraph 25.

26.     Mr. Wesson graduated into a journeyman Ironworker position, and worked as an Ironworker for twelve years.

**RESPONSE:** The Commonwealth does not dispute Paragraph 26.

27.     Mr. Wesson then continued to grow in his career and was selected by G.E. to be responsible for the maintenance of jet engine test cells and fuel systems with six craftsmen reporting to him.  Mr. Wesson later upgraded his position at G.E. by becoming a factory rearrangement planning specialist.  In this position he did the plant layout for Lynn G.E. and coordinated and planned new machine installations and relocated equipment within the plant.  He later applied for a new position within the company and was selected to be the Plant Investment Coordinator.

**RESPONSE:** The Commonwealth does not dispute Paragraph 27.

28.     On Jan. 1, 2011, Mr. Wesson retired from G.E. with 33 years of company service.  Mr. Wesson also has had a successful personal life.  He and his wife raised two successful children.  He has a daughter who is now forty-one years old and a son who is thirty-seven.  Mr. Wesson's daughter today has two Masters degrees from Lesley College and is a third grade teacher.  His son has an MBA and works for a Massachusetts software company.

**RESPONSE:** The Commonwealth does not dispute Paragraph 28.

29.     Mr. Wesson has three grandchildren, and considers raising his family to be his greatest success.

**RESPONSE:** The Commonwealth does not dispute Paragraph 29.

30.     Mr. Wesson has had a Massachusetts FID for approximately twenty-one years, and has safely possessed long guns for all those years without incident.

**RESPONSE:** The Commonwealth does not dispute Paragraph 30.

31. Each Plaintiff lives in an area where he cannot practice shooting to maintain his proficiency, and therefore needs to be able to travel to a range or other suitable location to do so.

**RESPONSE:** The Commonwealth does not dispute Paragraph 31.

32. Mr. Wesson has not applied for a Massachusetts License to Carry only because he knows that a Massachusetts statute bars him for life from obtaining one.

**RESPONSE:** The Commonwealth does not dispute Paragraph 32.

33. Both Plaintiffs desire to purchase and possess a handgun for self-defense in their homes, and wan[t] to be able to maintain proficiency by taking it to a range or other lawful place to practice.

**RESPONSE:** The Commonwealth does not dispute Paragraph 33 but, further responding, states that under G.L. c. 140, § 129B(6), FID card holders like the Plaintiffs need not transport a firearm because they may use firearms provided at licensed shooting clubs and thereby maintain proficiency with handguns.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,

By its attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ William W. Porter

William W. Porter, BBO #542207
Julia Kobick, BBO #680194
Assistant Attorneys General, Government Bureau
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2976
Bill.Porter@state.ma.us

DATED: April 4, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that the above document will be served on April 4, 2014, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

/s/ William W. Porter
William W. Porter
Assistant Attorney General